# ATTACHMENT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN DUNMIRE,                          )
                                       )
                        Plaintiff,     )
                                       )
            vs.                        )        CIVIL ACTION NO. 05-64 Erie
                                       )
CAPT. DEPASQUAL, et al.,               )
                                       )
                        Defendants.    )

### VERIFICATION OF WILLIAM BARR

I, William Barr, verify that the foregoing is true and correct to the best of my knowledge, information, and belief:

1.    I am employed by the Pennsylvania Department of Corrections as the Superintendent's Assistant at the State Correctional Institution at Albion.

2.    Part of my responsibilities include responding to grievances filed by inmates through the institutional grievance system. I also maintain a file of all grievances prepared by inmates at Albion in the regular course of my job.

3.    The Pennsylvania Department of Corrections has an administrative grievance procedure available to inmates which is set forth in Administrative Directive 804 ("DC-ADM 804"). A copy of the directive is attached hereto.

4.    The purpose of the grievance system is to ensure that every inmate confined in a Bureau of Correction facility has an avenue through which prompt resolution of any problem which arises during the course of confinement may be sought.

5.    Any grievance filed by an inmate would be directed to me, as the Superintendent's Assistant, pursuant to DC-ADM 804.

1

6.      Attached hereto is a grievance No. 95849 that I received from inmate John Dunmire, as well as the response that I provided to the grievance.

7.      Inmate Dunmire did not appeal my response or findings to the other levels of review made available to him under DC-ADM 804.

This verification is made subject to the penalties of perjury under 28 U.S.C. §1746.

Date: 8-25-05

William Barr

2

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
**CAMP HILL, PA 17001-0598**

FOR OFFICIAL USE ONLY

95849

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Mr. Barr | Albion | 9/14/04 |

FROM: (INMATE NAME & NUMBER)    SIGNATURE of INMATE:

John Runmire    Cb 4931

WORK ASSIGNMENT:    HOUSING ASSIGNMENT:

Dietary 0430    D/B #11

**INSTRUCTIONS:**
1  Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2.  State your grievance in Block A in a brief and understandable manner.
3.  List in Block B any actions you may have taken to resolve this matter.  Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.
on 9/14/04 at 1050 in the East yard, I was given a direct order by Cpt. De Pasquel to submitt myself for a strip search in the East yard weight pit. I found this to be an extreamly embarassing situation because the strip search took place in an area that could be easily be viewed by inmates looking out their windows on both D+C pods and was done in full view of all inmates in the East yard who were also subjugared to this search.

I believe that by being forced to obey this order, I was being forced to violate a DOC directive as is stated in DC-ADM #1 Misconduct class i catagory A #26. The section of the PA crime code I believe I was ordered to violate was the one dealing with Indecent Exposure.

I also believe that this strip search also allows me to cite rule violations under DC-ADM #1 Inmate Abuse Allegations. I file under this section for the following reasons:
  1) This section dictates no inmate should be subjected to humillization of any kind.
  2) I also believe this was a form of cruel + unusuall punishment. the strip search was initiated to find an alleged weapon, a weapon that ironically enough wasn't found. Additionally, the search could have been done in a more secure area i.e. the Gym. the Gym could have been emptied out while the inmates were secured in the fences in area leading to the yard. From there inmates could have been escorted to the Gym 10-15 at a time to undergo a strip search.

Just because I am an inmate this doesn't mean I should be treated like I have no dignity.

B. List actions taken and staff you have contacted, before submitting this grievance.
1) I verbally reported this incident to my block officer C.O. Kirin. He in turn reported this to my unit Manager Mr. Skendall.
2) Mr. Skendell unit Manager D. Block- As far as I know, no action was taken by him.
3) Major Aubel - At around 12:30 I spoke to the Major. He informed me that he and one of the Deputys were investigating this particular issue at that time.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator

09-15-04

Date

**WHITE** - Facility Grievance Coordinator Copy    **CANARY** - File Copy    **PINK** - Action Return Copy    **GOLDENROD** - Inmate Copy

Revised
December 2000

**DC-ADM 804, Inmate Grievance System**
**DC-804**
**Part 2**

**Attachment B**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001**

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**

**GRIEVANCE NO. 95849**

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GRIEVANCE DATE |
|---|---|---|---|
| DUNMIRE, John  CL-4931 | SCI-ALBION | D/B | 09/15/04 |

The following is a summary of my findings regarding your grievance:

A mistake was made and we offer our apology for any inconvenience that may have been caused by the mistake. As soon as the issue was brought to the attention of senior staff, corrective action was taken to ensure an incident like this does not happen in the future.

We are conducting a fact-finding to pinpoint where communication broke down and the decision was made to conduct the searches in the weight pit.

**RESOLVED:** _____   **DATE:** _____
                    Inmate Signature

**UNRESOLVED:** _____   **DATE:** _____
                     Inmate Signature

cc:   Grievance Officer
       Inmate
       DC-15

| Print Name and Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| Mr. Barr, Superintendent's Assistant | Mr Barr | 09/15/04 |



| | |
|---|---|
| | **BULLETIN**<br>Commonwealth of Pennsylvania • Department of Corrections |

| TO: | **Policy Subject:** | |
|---|---|---|
| Executive Staff | **Inmate Grievance System** | |
| Superintendents<br>CCC Regional Directors | **Policy Number:** | **DC-ADM 804-01** |
| Boot Camp Commander | **Policy Issue Date:** | |
| | **February 25, 2002** | |

| Date of Issue: | Authority: | Effective Date: |
|---|---|---|
| **January 5, 2004** | *JeBeard*<br>Jeffrey A. Beard, Ph.D. | **February 5, 2004** |

The purpose of this bulletin is to effect the following changes to Department policy **DC-ADM 804, "Inmate Grievance System."**

**Section VI. D. Appeal to Secretary's Office of Inmate Grievances and Appeals, #1 Inmate Responsibilities, Letter i** is revised to read "*Indigent inmates as defined in Department policy DC-ADM 803, "Inmate Mail and Incoming Publications," shall be afforded copy service in accordance with Department policy DC-ADM 803, "Inmate Mail and Incoming Publications" (Section VI. C. 2. a (3)) up to a maximum of $10.00 per month and all monies received in the inmate's account shall be used to pay for the cost of the copies and legal mail in accordance with Department policy DC-ADM 803 (Section VI. C. 2. a. (4)). Non-indigent inmates shall incur copying charges in accordance with Department policy 3.4.5, "Photocopying Charges for Inmates."*



| POLICY STATEMENT<br>Commonwealth of Pennsylvania • Department of Corrections | | |
| --- | --- | --- |
| **Policy Subject:** | | **Policy Number:** |
| **Inmate Grievance System** | | **DC-ADM 804** |
| **Date of Issue:** | **Authority:** | **Effective Date:** |
| **February 25, 2002** | *Jeffrey A. Beard, Ph.D.* | **May 1, 2002** |

## I.  AUTHORITY

The Authority of the Secretary of Corrections to direct the operation of the Department of Corrections is established by Sections 201, 206, 506, and 901-B of the Administrative Code of 1929, 71 P.S. §§61, 66, 186, and 310-1, Act of April 9, 1929, P.L. 177, No. 175, as amended.

## II.  PURPOSE

It is the purpose of this policy to establish procedures for the review of inmate grievances. These procedures ensure that inmates have an avenue through which resolution of specific problems can be sought.

## III.  APPLICABILITY

This policy is applicable to all employees of the Department of Corrections and all inmates under the jurisdiction of the Department of Corrections and to those individuals and groups who have business with or use the resources of the Department of Corrections.

## IV.  DEFINITIONS

### A. Automated Inmate Grievance Tracking System

A computerized system maintained by the Secretary's Office of Inmate Grievances and Appeals designed to store and retrieve data and trends pertaining to the Inmate Grievance System.

Case 1:05-cv-00064-SJM-SPB    Document 15-2    Filed 08/26/2005    Page 8 of 22

## B. Appeal to Facility Manager

An appeal of a decision rendered at Initial Review.

## C. Appeal to Secretary's Office of Inmate Grievances and Appeals

The final level of appeal from a grievance.

## D. Chief, Secretary's Office of Inmate Grievances and Appeals

A management level staff, supervised by the Secretary of Corrections, to oversee the inmate grievance and appeal process, train field staff, and respond to appeals.

## E. Department

The Pennsylvania Department of Corrections.

## F. Facility Grievance Coordinator

The Corrections Superintendent's Assistant in a facility, or the designee to the Regional Director in Community Corrections, who is responsible for the overall administration of the Inmate Grievance System in that facility/region. This includes determining whether the grievance was filed in compliance with the policy, as well as the data collection, tracking, and statistical reporting.

## G. Facility Manager

The Superintendent of a State Correctional Facility, State Regional Correctional Facility, Commander of a Motivational Boot Camp, Regional Director of a Community Correction Center and/or the Director of the Training Academy.

## H. Frivolous Grievance

A grievance is frivolous when the allegations or the relief sought lack any arguable basis in fact.

## I. Grievance

A formal written complaint by an inmate related to a problem encountered during the course of his/her confinement.

## J. Grievance Rejection Form (DC-804, Part 3)

The form used to return a grievance to an inmate when the grievance cannot be processed. **(See Attachment C)**

## K. Grievance Officer

An appropriate Department Head or Management Level staff person designated by the Facility Grievance Coordinator, to provide Initial Review of an inmate grievance

arising from his/her specific area of responsibility (e.g., a Unit Manager would be assigned to provide Initial Review of a grievance regarding a housing unit).

### L. Grievance Restriction

Inmates who deliberately misuse the grievance system by filing frivolous or fabricated grievances may be restricted to filing no more than one grievance each ten working days.

### M. Initial Review

A review of an inmate's initial grievance conducted by a Grievance Officer. The Facility Manager may direct the Facility Grievance Coordinator to review certain grievances.

### N. Retaliation

An act of vengeance or threat of action taken against an inmate or staff in response to an inmate complaint of a problem. Examples include unnecessary discipline, intimidation, unnecessary changes in work or program assignments, unjustified transfers or placements, unjustified denials of privileges and services.

### O. Secretary's Office of Inmate Grievances and Appeals

The office responsible for review and disposition of all appeals of inmate grievances to Central Office.

### P. Working Days

For the purposes of this policy, working days are Monday through Friday, excluding state holidays.

## V. POLICY

It is the policy of the Department that every individual committed to its custody shall have access to a formal procedure through which the resolution of problems or other issues of concern arising during the course of confinement may be sought. For every such issue, there shall be a forum for review and two avenues of appeal. The formal procedure shall be known as the Inmate Grievance System.[1]

---

[1] 3-4271, 3-ACRS-3D-07, 1-ABC-3D-08, 2-CO-3C-01

## VI. PROCEDURES

### A. Initial Grievance

1. Inmate Responsibilities

   a. The Department encourages inmates to express their concerns to staff through respectful, constructive, verbal communication in order that problems are resolved as soon as possible.

   b. The Inmate Grievance System is intended to deal with a wide range of issues, procedures, or events that may be of concern to inmates. It is not meant to address incidents of an urgent or emergency nature. When faced with an incident of an urgent or emergency nature, the inmate should contact the nearest staff member for immediate assistance.

   c. It shall be the responsibility of the Unit Manager or Officer-In-Charge to address written or verbal concerns submitted by inmates in an expedient manner. The Unit Manager or Officer-In-Charge shall review the concern, determine a resolution or take other appropriate action. It is preferable, when possible, to resolve concerns quickly and informally rather than through the official grievance process. The Unit Manager or Officer-In-Charge shall document the results of the resolution, including the parties involved in the **DC-14**.

   d. Where an inmate has a concern that he/she is unable to resolve, the inmate is encouraged to resolve the concern informally by use of a **DC-135A, Inmate Request to Staff** or direct conversation with the Unit Manager or Officer-In-Charge. Staff who receive verbal or written concerns from an inmate are expected to attempt to resolve any non-frivolous concerns.

   e. While every effort should be made to resolve concerns informally prior to filing an official grievance, failure to attempt to informally resolve concerns will not be cause to reject an official grievance. However it will be considered in any appeal.

   f. A grievance must be submitted to the Facility Grievance Coordinator using the **DC-804, Part 1 - Grievance Form (See Attachment A).** All grievances must be signed and dated by the inmate. Forms will be readily available on all housing units. All copies, with the exception of the inmate's copy **(GOLDEN ROD)**, shall be forwarded to the Facility Grievance Coordinator. The **PINK** copy will be returned to the inmate, acknowledging acceptance of the grievance.

   g. The inmate shall include a statement of the facts relevant to the claim. The text of the grievance shall be legible, presented in a courteous manner, and the statement of facts shall not exceed two pages. The inmate should identify any persons who may have information that could be helpful in resolving the grievance. The inmate should also include information on attempts to resolve the matter informally. The inmate may also specifically state any claims he/she wishes to make concerning violations of Department directives, regulations,

court orders, or other law. The inmate may include a reasonable request for compensation or other legal relief normally available from a court.

h. Grievances must be submitted by the inmate for Initial Review to the Facility Grievance Coordinator within 15 working days after the event upon which the claim is based.

i. A grievance must be filed with the Facility Grievance Coordinator at the facility where the grievance occurred.

j. All grievances shall be presented individually. Any grievance submitted by a group of inmates **will not** be processed.

k. Grievances and appeals based on different events shall be presented separately, unless it is necessary to combine the issues to support the claim.

l. All grievances and appeals must be presented in good faith and for good cause. No inmate shall be punished, retaliated against, or otherwise harmed for good faith use of this grievance system. Deliberate misuse of the grievance system may result in restricted access or disciplinary action, at the discretion of the Facility Manager/designee.

m. Only an inmate who has been personally affected by a Department or facility action or policy shall be permitted to seek review of a grievance or appeal. The inmate must sign and date the grievance or appeal.

n. At any point in the grievance process, the inmate may withdraw the grievance. To withdraw a grievance, an inmate may write on the original grievance "I wish to withdraw this grievance," sign and date the original grievance form or submit a request form to the Facility Grievance Coordinator, identifying the grievance, by number, to be withdrawn.

## B. Initial Review

1. Staff Responsibilities

a. The Facility Grievance Coordinator shall assign a grievance tracking number to all grievances (even rejected grievances) upon receipt and enter all grievances into the Automated Inmate Grievance Tracking System. The Facility Grievance Coordinator is also responsible for entering the facility's disposition of the grievance at each step of the grievance process.

b. The Facility Grievance Coordinator may combine multiple grievances, from the same inmate, that relate to the same subject.

c. Extensions of time for filing a grievance will be made **only** where the inmate notifies the Facility Grievance Coordinator of the reason for the delay in filing and the Facility Grievance Coordinator determines that the delay in filing was caused by:

      (1)  a temporary transfer from the institution where the grievance should have been filed;

      (2)  a permanent transfer to another institution from the institution where the grievance should have been filed;

      (3)  Authorized Temporary Absence (ATA) for an extended period; or

      (4)  other delays with mail delivery.

d. When the Facility Grievance Coordinator determines that the delay was caused by one of the circumstances listed above, a reasonable extension of time for filing may be permitted. The Facility Grievance Coordinator may consider grievances submitted by inmates released on Authorized Temporary Absence (ATA) for an extended period on a case-by-case basis.

e. If the Facility Grievance Coordinator determines that the issue being grieved is in accordance with **DC-ADM 804**, the Facility Grievance Coordinator designate a staff member to serve as the Grievance Officer for that issue. The Facility Coordinator shall not designate a staff member to serve as a Grievance Officer who was identified by the inmate as being involved in the issue.

f. If the Facility Grievance Coordinator determines that the issue being grieved is not in accordance with DC-ADM 804, it shall be returned to the inmate unprocessed with a DC-804 Part 3, Grievance Rejection Form enumerating the reason(s) the grievance was not accepted. (See Attachment C)  The grievance, if resubmitted, must be resubmitted under the same grievance number within five working days.

h. The Grievance Officer may grant the inmate additional time to resolve the grievance informally. In those cases, the inmate shall be granted an additional five working days to re-file the initial grievance.

i. If the Grievance Officer submits the grievance for formal resolution, he/she shall provide a written response to the inmate within ten working days of receipt of the grievance. The Grievance Officer's response shall be written using **DC-ADM 804 Part 2**. The response shall include a brief rationale, summarizing the conclusions and any action taken or recommended to resolve the issue(s) raised in the grievance. The Grievance Officer shall also include a determination (statement), based upon the facts uncovered during review of the grievance, as to whether the grievance is frivolous. A copy of the response shall be sent to the Facility Grievance Coordinator for tracking purposes.

j. The Facility Manager/designee may authorize an extension of up to ten additional working days if the investigation of the grievance is ongoing. If an extension is necessary, the inmate shall be so advised in writing.

k. Grievances dealing with allegations of abuse shall be handled in accordance with Department policy **DC-ADM 001, "Inmate Abuse Allegation Monitoring Process."**

l.  Each Facility Manager/designee shall make provisions for illiterate or non-English speaking inmates to submit grievances, be interviewed, and have translated, any portion of the grievance policy. Extension of the timelines shall be granted in order to secure these services. Facility Managers are authorized to use existing contracts and/or dial-up translation services to provide this service. In the event that a grievance is submitted that is incoherent in nature, the Facility Grievance Coordinator shall designate a Grievance Officer to review the inmate's concern and meet with the inmate, as deemed necessary, to resolve or clarify the issue.

m. Each Facility Manager shall install lockboxes designated for inmate grievances and/or Inmate Request to Staff forms in all Level 5 Housing Units. The lockboxes shall be placed in a location easily accessible to inmates being escorted to the individual exercise units. Inmates shall be permitted to place **DC-135A, Inmate Request to Staff** forms and/or grievances in this lockbox. If an inmate chooses not to go to an individual exercise unit, he/she may have a staff member place the item in the lockbox.

n.  The Grievance Coordinator/or designee shall be responsible for the key and retrieval of the lockbox contents each workday.

## C. Appeal to Facility Manager

1.  Inmate Responsibilities

    a.  The Initial Review decision from the Grievance Officer must be received by the inmate before any appeal to the Facility Manager can be sought.

    b.  An inmate may appeal an Initial Review decision, or grievance restriction, to the Facility Manager in writing, within five working days from the date of receipt by the inmate of the Initial Review decision or notice of a grievance restriction.

    c.  Only issues that were raised for Initial Review, determinations of frivolousness, and placement on grievance restriction may be appealed. Issues raised for Initial Review and determinations of frivolousness must be raised for appeal at the same time.

    d.  The text of an appeal must be legible, presented in a courteous manner, and the statement of facts may not exceed two pages.

    e.  All appeals must be clearly labeled as an appeal at the top of the document. In cases appealing an Initial Review decision, the appeal must also include the grievance number at the top of the document. The appeal must clearly identify the Initial Review decision and the basis for the appeal. If the inmate also is appealing a determination of frivolousness, the inmate shall clearly indicate that he/she is also appealing that determination. Only one appeal of any Initial Review will be permitted. Failure to comply may result in the appeal being dismissed.

   f.  In cases involving personal property or publication denials, the inmate must clearly notify the Facility Manager or Facility Grievance Coordinator of his/her intent to appeal the issue to the Secretary's Office of Grievances and Appeals if he/she disagrees with the decision from the Initial Review.

2.  Staff Responsibilities

   a.  Exceptions to the five day filing requirement will be made only where the inmate notifies the Facility Manager of the reason for the delay and the Facility Manager determines that the delay in filing was caused by:

      (1)  a temporary transfer from the institution where the grievance should have been filed;
      (2)  a permanent transfer to another institution from the institution where the grievance should have been filed;
      (3)  Authorized Temporary Absence (ATA) for an extended period; or
      (4)  other delays with mail delivery.

   b.  Where the Facility Grievance Coordinator determines that the delay was caused by one of the circumstances listed above, a reasonable extension of time for filing shall be permitted.

   c.  The Facility Manager shall notify the inmate of his/her decision within fifteen working days of receiving the appeal. This decision may consist of upholding the decision, modification, reversal, remand, or reassignment for further fact-finding. A brief statement of the reason(s) for the decision must be included.

   d.  The Grievance Coordinator shall enter the Facility Manager's decision into the Automated Inmate Grievance Tracking System.

   e.  When the Facility Manager remands a grievance, the Grievance Officer shall respond within five working days.

   f.  Personal Property and publications related to a grievance shall not be disposed of unless it is clearly documented that the inmate has no intent to appeal the decision of the initial review. When an inmate notifies the Facility Manager or Facility Grievance Coordinator of his/her intent to appeal the decision, the property related to the grievance shall be placed in a safe location until final disposition is made by the Secretary's Office of Grievances and Appeals. Following the disposal of the appeal by the Secretary's Office of Grievances and Appeals, the inmate will be provided with his/her options to retain, ship at his/her expense or have the property or publication destroyed.

## D. Appeal to Secretary's Office of Inmate Grievances and Appeals

1. Inmate Responsibilities

   a. The decision from appeal to the Facility Manager must be received by the inmate before an appeal to the Secretary's Office of Inmate Grievances and Appeals can be sought.

   b. Any inmate who is dissatisfied with the disposition of an appeal from the Facility Manager, may submit an appeal to the Secretary's Office of Inmate Grievances and Appeals, within five working days of receiving the decision. Only issues appealed to the Facility Manager may be appealed at this level.

   c. Exceptions to the five day filing requirement will be made **only** where the inmate notifies the Secretary's Office of Inmate Grievances and Appeals of the reason for the delay and it is determined that the delay in filing was caused by:

      (1) a temporary transfer from the institution where the grievance should have been filed;
      (2) a permanent transfer to another institution from the institution where the grievance should have been filed;
      (3) Authorized Temporary Absence (ATA) for an extended period; or
      (4) other delays with mail delivery.

   d. If it is determined that a delay was caused by one of the circumstances listed in this paragraph, a reasonable extension of time for filing the formal grievance shall be permitted.

   e. An appeal at this level may not be permitted until the inmate has complied with all procedures established for Initial Review and Appeal to Facility Manager. **(See Sections VI. B and VI. C. above.)**

   f. The text of the appeal shall be legible, presented in a courteous manner, and the statement of facts shall not exceed two pages.

   g. All appeals to the Secretary's Office of Inmate Grievances and Appeals must be addressed to the following:

      **Chief, Secretary's Office of Inmate Grievances and Appeals
      Department of Corrections
      2520 Lisburn Road, P. O. Box 598
      Camp Hill, PA 17001-0598**

      Failure to properly address the appeal will delay the process.

   h. Inmates appealing to final review are responsible for providing the Secretary's Office of Inmate Grievances and Appeals with all available paperwork relevant to the appeal. A proper appeal to final review should include photocopies of the initial grievance, Initial Review, Initial Review Response, and the Appeal to

Facility Manager along with the Facility Manager's decision. Failure to provide the proper documentation may result in the grievance being dismissed.

i.  Indigent inmates as defined in Department policy **DC-ADM 803, "Inmate Mail and Incoming Publications,"** shall be afforded copy service in accordance with Department policy **DC-ADM 803, "Inmate Mail and Incoming Publications,"(Section VI. C. 2. a (3))** up to a maximum of $10.00 per month and all monies received in the inmate's account shall be used to pay for the cost of the copies in accordance with Department policy **DC-ADM 803, "Inmate Mail and Incoming Publications,"(Section VI. C. 2. a (4))**. Non-indigent inmates shall incur copying charges in accordance with Department policy **3.4.5, "Photocopying Charges for Inmates."**

## 2. Staff Responsibilities

a.  The Secretary's Office of Inmate Grievances and Appeals will ensure that:

   (1) appeals to final review are responded to within 30 working days; and
   (2) appeals and responses are properly maintained in the Automated Inmate Grievance Tracking System.

b.  Upon request, the Facility Manager will forward to the Secretary's Office of Inmate Grievances and Appeals a copy of any formal investigation related to a grievance and conducted by the security office.

c.  The Secretary's Office of Inmate Grievances and Appeals will review the initial grievance and response, the Appeal to the Facility Manager and response, any investigative reports and the appeal to final review.

d.  The Secretary's Office of Inmate Grievances and Appeals may review appeals with the relevant bureau (i.e., health care issues with the Bureau of Health Care Services, education issues with the Bureau of Corrections Education, etc.).

e.  Upon completion of the review, the Secretary's Office of Inmate Grievances and Appeals will respond directly to the inmate in all cases.

f.  The Secretary's Office of Inmate Grievances and Appeals will issue a decision within 30 working days after receipt of an appeal. The decision may consist of upholding the decision, modification, reversal, remand, or reassignment for further fact-finding, and must include a brief statement of the reasons for the decision. The Chief/designee, Secretary's Office of Inmate Grievances and Appeals, shall notify the inmate and the Facility Manager of the decision and rationale. If the decision consists of modifying, reversing, or remanding the grievance, or if the inmate is placed on a grievance restriction, the appropriate Deputy Secretary shall also be notified. In instances where a determination of frivolousness is appealed, the Facility Grievance Coordinator shall also be notified.

g. The Chief, Secretary's Office of Inmate Grievances and Appeals, in consultation with the Secretary of Corrections, shall take any action deemed necessary to ensure the integrity of this policy. This includes, but is not limited to:

   (1) prohibiting the transfer of an inmate until the grievance procedure has been completed, including the appeal process; and
   (2) lifting a previously imposed grievance restriction.

h. The Chief, Secretary's Office of Inmate Grievances and Appeals/designee shall notify the Facility Manager in those cases where the suspension of an inmate's transfer is being considered pending the disposition of the appeal process.

i. If an inmate, who has filed a grievance, is transferred prior to the appeal process being completed, the inmate may continue to pursue the grievance or appeal by notifying the Facility Manager of the facility where the grievance was originally filed. Adjustments shall be made to the various time limitations in order to allow for review.

## E. Grievance Restriction

1. Inmates who file more than five frivolous grievances within a calendar month may be restricted to filing no more than one grievance each ten working days. Inmates may be placed on grievance restriction for a maximum of 90 days.

2. The Facility Grievance Coordinator shall provide the inmate with written notice of the grievance restriction and the reason(s) for it. A copy of the notice shall be forwarded to the respective Deputy Secretary, the Facility Manager, and the Secretary's Office of Inmate Grievances and Appeals.

3. While on grievance restriction, it is the inmate's responsibility to determine which issues to grieve.

4. Inmates shall not be denied a Grievance Form due to grievance restriction.

5. The inmate may appeal a grievance restriction in accordance with **Sections VI. C** and **VI. D**. of this policy.

6. If the Facility Manager determines during the review that the inmate has filed no frivolous grievances after the date of the grievance restriction notice, the inmate may be removed from grievance restriction. The respective Deputy Secretary and the Secretary's Office of Inmate Grievances and Appeals shall be notified that the restriction was lifted.

7. If the inmate files one or more frivolous grievances while on grievance restriction, the Facility Manager may request a longer period of restriction through the respective Deputy Secretary. A copy of the request shall be forwarded to the Secretary's Office of Inmate Grievances and Appeals for tracking purposes.

### F. Exceptions

1. Initial Review of issues relating to the following Department policies shall be in accordance with procedures outlined therein, and will not be reviewed by a Facility Grievance Coordinator.

   a. **DC-ADM 801, Inmate Discipline;**

   b. **DC-ADM 802, Administrative Custody Procedures;** and

   c. any other Department policy that specifically states that the **DC-ADM 804** is not applicable.

## VII. SUSPENSION DURING AN EMERGENCY

In an emergency or extended disruption of normal facility operation, the Secretary, or designee may suspend any provision or section of this policy, for a specific period.

## VIII. RIGHTS UNDER THIS POLICY

This policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual. This policy should be interpreted to have sufficient flexibility to be consistent with law and to permit the accomplishment of the purpose(s) of the policies of the Department of Corrections.

## IX. RELEASE OF INFORMATION AND DISSEMINATION OF POLICY

### A. Release of Information

1. **Policy**

   This policy document is public information and may be released upon request.

2. **Procedure Manual (if applicable)**

   The procedure manual for this policy is not public information and shall not be released in its entirety or in part, without the prior approval of the Secretary of Corrections or designee. This manual or parts thereof, may be released to any Department of Corrections employee on an as needed basis.

### B. Distribution of Policy

1. **General Distribution**

   The Department of Corrections' policy and procedure manuals (when applicable) shall be distributed to the members of the Central Office Executive Staff, all Facility Managers, and Community Corrections Regional Directors on a routine basis. Distribution to other individuals and/or agencies is subject to the approval of the Secretary of Corrections or designee.

### 2. Distribution to Staff

It is the responsibility of those individuals receiving policies and procedures, as indicated in the "General Distribution" section above, to ensure that each employee expected or required to perform the necessary procedures/duties is issued a copy of the policy and procedures.

## X.    SUPERSEDED POLICY AND CROSS REFERENCE

### A. Superseded Policy

#### 1. Department Policy

a. DC-ADM 804 issued December 1, 2001, by former Secretary Martin F. Horn.

#### 2. Facility Policy and Procedures

This document supersedes all facility policy and procedures on this subject.

### B. Cross Reference(s)

1. Administrative Manuals

   a. DC-ADM 001, Inmate Abuse Allegation Monitoring
   b. DC-ADM 801, Inmate Discipline
   c. DC-ADM 802, Administrative Custody Procedures
   d. DC-ADM 803, Inmate Mail and Incoming Publications
   e. 3.4.5, Photocopying Charges for Inmates

2. ACA Standards

   a. Administration of Correctional Agencies: 2-CO-3C-01
   b. Adult Correctional Institutions: 3-4271
   c. Adult Community Residential Services: 3-ACRS-3D-07
   d. Adult Correctional Boot Camp Programs: 1-ABC-3D-08
   e. Correctional Training Academies: None

*DC-ADM 804, Inmate Grievance System*                    ***Attachment A***

| DC-804<br>Part 1 | **COMMONWEALTH OF PENNSYLVANIA**<br>**DEPARTMENT OF CORRECTIONS**<br>P. O. BOX 598<br>**CAMP HILL, PA 17001-0598** | FOR OFFICIAL USE ONLY |
|---|---|---|
| **OFFICIAL INMATE GRIEVANCE** | | GRIEVANCE NUMBER |
| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

    **A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

    **B.** List actions taken and staff you have contacted, before submitting this grievance.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                    _____

Signature of Facility Grievance Coordinator                    Date

WHITE Facility Grievance Coordinator Copy  CANARY File Copy  PINK Action Return Copy  GOLDEN ROD  Inmate Copy
Revised September 2000

**DC-ADM 804, Inmate Grievance System**                                    ***Attachment B***

DC-804
Part 2

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

OFFICIAL INMATE GRIEVANCE
INITIAL REVIEW RESPONSE

GRIEVANCE NO.

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GRIEVANCE DATE |
|---|---|---|---|
| | | | |

The following is a summary of my findings regarding your grievance:

| Print Name and Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| | | |

**DC-ADM 804. Inmate Grievance System**
  DC-804
  Part 3

**Attachment C**
**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI-** _____

**DATE:** _____

**SUBJECT:** Grievance Rejection Form
**TO:** _____
_____

| FOR OFFICIAL USE ONLY |
| --- |
| GRIEVANCE NUMBER |

**FROM:** Facility Grievance Coordinator

The attached grievance is being returned to you because you have failed to comply with the provision(s) of DC-ADM 804, Inmate Grievance System:

1. _____ Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator:

   a. DC-ADM 801-Inmate Disciplinary and Restricted Housing Unit Procedures
   b. DC-ADM 802-Administrative Custody Procedures
   c. other policies not applicable to DC-ADM 804.

2. _____ Block B must be completed, as per Instruction #3 of the Official Inmate Grievance Form.

3. _____ The grievance does not indicate that you were personally affected by a Department or facility action or policy.

4. _____ Group grievances are prohibited.

5. _____ The grievance was not signed and/or dated.

6. _____ Grievances must be legible and presented in a courteous manner.

7. _____ The grievance exceeded the two (2) page limit. Description needs to be brief.

8. _____ Grievances based upon different events shall be presented separately.

9. _____ The grievance was not submitted within fifteen (15) working days after the events upon which claims are based.

10. _____ You are currently under grievance restriction. You are limited to one grievance each 10 working

   days. You filed grievance # _____ on _____.
                                                              Date

11. _____ Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility.

12. _____ The issue(s) presented on the attached grievance has been reviewed and addressed previously.