IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DUNMIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 05-64 Erie |
| | ) | |
| CAPT. DEPASQUAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I. STATEMENT OF THE CASE**

    A.    Identity of the Parties and Nature of the Action.

Plaintiff John Dunmire is a prisoner currently incarcerated at the State Correctional Institution at Albion (SCI-Albion). He has filed a civil rights lawsuit under 42 U.S.C. §1983 alleging that he was strip searched in front of female corrections officers and other inmates in violation of the Eighth Amendment to the United States Constitution. The defendants are the following officials and officers from SCI-Albion: Captain DiPasqua (improperly spelled DePasqual in amended complaint), Superintendent Marilyn Brooks, Deputy Superintendent Michael Harlow, and Major Giddens. Dunmire also named the Pennsylvania Department of Corrections (DOC) as a defendant. He seeks compensatory and punitive damages.

    B.    Procedural History.

Dunmire filed his original complaint against DiPasqua, Brooks, and the DOC on April 11, 2005. These defendants' waived service of the complaint and summons. Dunmire then filed an amended complaint adding Harlow and Giddens as defendants. The new defendants were not served with a copy of the amended complaint, or a notice of the lawsuit and request for waiver. All of the defendants have filed a motion requesting that the amended complaint be dismissed.

1

In the alternative, they ask that summary judgment be granted in their favor. This brief is offered in support of their motion.

      C.      <u>Facts Alleged in Amended Complaint</u>.

Plaintiff John Dunmire is a prisoner at SCI-Albion. <u>See</u> Amended Complaint Section I. On September 14, 2004, Dunmire was ordered by Captain DiPasqua to be stripped searched in the East side recreational yard where inmates lift weights. <u>See</u> Amended Complaint Section IV, C. Dunmire alleges that the strip search occurred in plain view of female corrections officers and other inmates. <u>Id</u>. The order for the search originated from Deputy Superintendent Harlow, and was carried through Major Giddens to Captain DiPasqua. <u>Id</u>. Dunmire contends that the order was not authorized by Superintendent Brooks. <u>Id</u>.

Later that day, Dunmire completed and filed a grievance in accordance with the procedures made available to inmates under Administrative Directive 804. <u>See</u> Barr Verification attached to defendants motion. The grievance, No. 95849, addressed the search and was received by William Barr, the Superintendent's Assistant, on September 15, 2004. <u>Id</u>. Barr responded to the grievance, and Dunmire pursued the matter no further. <u>See</u> Barr Verification ¶7.

## II. <u>ARGUMENT</u>

      **A.      Dunmire failed to exhaust his administrative remedies prior to filing this lawsuit as is required by the PLRA.**

Dunmire contends that the strip search violated his rights under the Eighth Amendment. Dunmire, however, failed to exhaust all administrative remedies available to him prior to filing this lawsuit. Thus, he is prevented by the Prison Litigation Reform Act (PLRA), 42 U.S.C.§1997e(a), from bringing an action relating to this claim.

Section 1997e(a) provides that:

    [n]o action shall be brought with respect to prison conditions under

2

> section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court, in Booth v. Churner, 532 U.S. 731, 739-41, 121 S.Ct. 1819 (2001) and Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983 (2002), made it abundantly clear that the exhaustion requirement set forth in section 1997e(a) is mandatory for inmates. See also Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000); Spruill v. Gillis, 372 F.3d 218 (3d Cir.2004).

The Pennsylvania Department of Corrections has an administrative grievance procedure available to inmates which is set forth in DC-ADM 804. See Barr Verification attached to defendants' motion. The purpose of the grievance system is to ensure that every inmate confined in a state prison has an avenue through which prompt resolution of any problem which arises during the course of confinement may be sought. See Barr Verification ¶4.; DC-ADM 804 ¶ II. The grievance system was available to Dunmire at SCI-Albion, and could have been used to address his complaint concerning the strip search. The grievance procedure consists of three levels of review: 1) initial review by the grievance coordinator; 2) appeal of initial review to the Facility Manager or Superintendent; and 3) final appeal to the central office. See DC- ADM 804. Although Dunmire did file a grievance concerning the search, he did not pursue it past the first level of review after he received a response from William Barr. See Barr Verification at ¶7. Thus, Dunmire failed to exhaust his administrative remedies and his amended complaint should be dismissed. See Bennett v. King, 293 F.3d 1096, 1098 (9thCir.2002)(requiring each claim/issue to be raised at every level of appeal and dismissing the suit where the prisoner plaintiff failed to exhaust "each claim by having presented it in a prison appeal to the third and final level of review.").

Also, Dunmire failed to name Superintendent Brooks, Deputy Harlow, and Major Giddens in the grievance as he is required to do under DC-ADM 804, Part VI.A.1.g. See Spruill, 372 F.3d at 234 (recognizing that DC-ADM 804 requires inmates to identify individuals if they are relevant to claim). Any grievance against them now would be time-barred. See DC-ADM 804, Part VI.A.1.h (grievances must be submitted by the inmate within 15 working days after the events on which the claims are based). Thus, Dunmire has procedurally defaulted on his claim against Brooks, Harlow, and Giddens by failing to identify them. See Spruill, 372 F.3d at 234.

  **B.**  **Dunmire's complaint fails to state a constitutional claim.**

Dunmire contends that strip searching him in front of others on September 14, 2004, violated the Eighth Amendment. The Eighth Amendment is violated when a prison official acts with "deliberate indifference" to a substantial risk of serious harm to an inmate. Farmer v. Brennan, 511 U.S. 825, 828, 114 S.Ct. 1970 (1994). The Supreme Court has applied a two-prong test for determining whether prison officials have violated the Eighth Amendment. The first prong is an objective determination, and requires the prisoner to show that the defendants conduct was "sufficiently serious". See Farmer, 511 U.S. at 834. The prison official's act or omission must result "in the denial of the minimal civilized measure of life's necessities" for the objective prong to be established. Farmer, 511 U.S. at 834 (*quoting* Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The second prong is a subjective determination. Id. It is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. This requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Id. at 834 (*quoting* Wilson v. Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321 (1991)).

Several courts have held that isolated incidents of strip searches, even when they occur in front of others and cause embarrassment, do not state a constitutional claim. See Payton v. Vaughn, 798 F.Supp. 258, 262 (E.D.Pa.1992)(experiencing embarrassment through strip search does not offend Constitution)(*citing* Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir.1988); Vargas v. House of Corrections, 1989 WL 79337, *1 (E.D.Pa.1989)(isolated incident of female prisoner being ordered to disrobe in front of male officers does not rise to level of constitutional violation)(*citing* Johnson v. Bureau of Corrections, 661 F.Supp. 425 (W.D.Pa.1987). In this case, Dunmire was not subjected to an abusive search or one that caused him physical harm. Even though it may have been an embarrassing situation, it was simply an isolated incident that does not offend the Constitution. Thus, his amended complaint challenging this event should be dismissed.

    **C.**    **Dunmire's claims against the Pennsylvania Department of Corrections are barred by the Eleventh Amendment.**

The Pennsylvania Department of Corrections is entitled to the protections of the Eleventh Amendment in this case. The Eleventh Amendment provides, "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." See U.S. Const. Amend. XI. The Supreme Court has interpreted the Amendment to prohibit suits in federal court against a state by the defendant state's own citizens as well. See Hans v. State of Louisiana, 134 U.S. 1, 18, 10 S.Ct. 504 (1890). The immunity also extends to entities that are arms of the state. See Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir.1981)(holding that the Eleventh Amendment covers "departments or agencies of the state having no existence apart from the state"). The DOC is clearly an arm of the state, and thus is entitled to the protections of the Eleventh Amendment.

5

Eleventh Amendment immunity is only lost for a state if one of the following events occurs: first, if a state waives its immunity; or, secondly, if Congress abrogates the state's immunity by legislation enacted pursuant to § 5 of the Fourteenth Amendment. See <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 116 S.Ct. 1114, 1124-28 (1996). Neither of these two situations exists in this case.

Pennsylvania has explicitly reserved its right to immunity from suit in federal court in 42 Pa.C.S.A. §8521(b)("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Thus, Dunmire cannot argue that the Commonwealth has waived its immunity in this case. Nor can Dunmire argue that Congress properly abrogated the Eleventh Amendment through its enactment of §1983. The Supreme Court has held that Congress did not abrogate the Eleventh Amendment in enacting §1983. See <u>Quern v. Jordan</u>, 440 U.S. 332, 345, 99 S.Ct. 1139 (1979)(reasoning that the statute itself does not include explicit and clear language doing so, nor does its history indicate that intent). Thus, Dunmire's §1983 against the DOC is barred by the Eleventh Amendment.

Dunmire's claim against the DOC is also barred because the DOC is not a proper party under §1983. Section 1983 of the Federal Civil Rights Act, 42 U.S.C. § 1983, by its express terms, provides a remedy for action taken by (1) a person acting under color of state law which (2) allegedly violated the plaintiff's constitutional rights. See <u>Carlson v. Green</u>, 466 U.S. 14, 19 (1980)(counseling that § 1983 is the exclusive vehicle for redressing constitutional claims). The two critical factual elements of a § 1983 claim are therefore: 1) that the defendant is a "person"; and 2) that a constitutional right is implicated.

6

On the first element, Will v. Michigan Department of State Police, 491 U.S. 58 (1989), is dispositive. In Will, the Court held that a state, encompassing its agencies and departments, is not a "person" under § 1983. Id. at 71; see also Curtis v. Everette, 489 F.2d 516, 521 (3d Cir. 1973), *cert. denied*, 416 U.S. 995(1974); Reed v. Marker, 762 F.Supp. 651 (W.D. Pa. 1990). Here, the Pennsylvania Department of Corrections is a state agency. Accordingly, the DOC is not a proper defendant under § 1983 since it cannot be considered a "person" under § 1983.

> **D.  Dunmire cannot maintain a cause of action against Superintendent Brooks since she was not involved in the search.**

Dunmire acknowledges in his amended complaint that the search was conducted without the authorization of Superintendent Brooks. See Amended Complaint Section IV. C. Thus, Dunmire clearly is seeking to hold Brooks liable on the basis of the supervisory position that she held. Section 1983 liability, however, cannot be predicated on *respondeat superior*. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir.1976). Without evidence of her involvement in the search, this suit cannot be maintained against Brooks. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Nor can Dunmire assert that Brooks is culpable because she did not have the proper practices or policies in place which would have prevented this type of incident from occurring. See Stoneking v. Bradford Area School District, 882 F.2d 720, 731 (3d Cir. 1989)(claims must amount to more than inaction or insensitivity). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 111 S.Ct. 2827 (1991). To impose liability on a supervisory official there must be "both (1) contemporaneous knowledge of the offending incident or knowledge of a prior

pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate." Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1989). Since Dunmire alleges that Brooks did not authorize the search, he cannot meet this burden here. Thus, the amended complaint against Brooks should be dismissed.

      **E.    Defendants Harlow and Giddens were not served with a copy of the Amended Complaint.**

Dunmire added Harlow and Giddens as new defendants in his amended complaint. The new defendants, however, were not served with a copy of the amended complaint, or a notice of the lawsuit and request for waiver. Thus, the amended complaint should be dismissed under Fed.R.Civ.P. 12(b)(5) for insufficiency of service of process.

### III. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss should be granted.

Respectfully submitted,

THOMAS W. CORBETT, JR.
Attorney General

/s/ Rodney M. Torbic
Rodney M. Torbic
Senior Deputy Attorney General
Attorney I.D. No. 66089

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Susan J. Forney
Chief Deputy Attorney General

Date: August 26, 2005

8

**CERTIFICATE OF SERVICE**

       I hereby certify that on August 26, 2005, I electronically filed the foregoing *Brief in Support of Motion to Dismiss* with the Clerk of Court using the CM/ECF system.  And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:

John Dunmire, CL-4931
SCI-Albion
10745 Route 18
Albion, PA 16475-0001


                                  By:    /s/  Rodney M. Torbic
                                           RODNEY M. TORBIC
                                           Senior Deputy Attorney General