IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

JOHN DUNMIRE

 V.              NO.05-64 ERIE

CAPT.DEPASQUAL,ET AL

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

AND NOW,comes the plaintiff John Dunmire,in propria personam,who hereby moves this Court to deny the defendant's motion to dismiss and in support thereof respectfully represents that:

 1.Contrary to defendant's claim that Plaintiff failed to exhaust administrative remedies prior to filing this action,Plaintiff contends that he filed a grievance (NO.95849) on 9-14-04 to address the issues complained of in this action.Plaintiff avers that he received his initial review response from Mr Barr,the grievance officer and in that response the defendant's admitted that "A mistake was made and we offer our apology...",As a result of this grievance response,plaintiff contends that there was no need to pursue the grievance any further due to the fact that the defendant's admitted their actions were wrong and apologized and stated that the were conducting a "fact-finding" investigation of the incident.Plaintiff contends that this response from the defendants to plaintiff's grievance nullified any reason for plaintiff to appeal this grievance because defendants admitted their conduct was wrong.

 2.Plaintiff avers that upon further research,defendant's claim that his claim against the dept.of corrections is barred by the 11th amendment is correct and plaintiff moves to withdraw the department of corrections as a defendant,however Plaintiff avers that he is suing all other defendants in their individual capacities in this action.

 3.Plaintiff avers that the strip searches by defendants violated both the 4th and 8th amendments and is sufficient to state a cause of action for which relief can be granted under §1983 in that it was unreasonable in the manner in which it was conducted and the place in which it was conducted.The search was conducted in an open area weight pit which was in plain view of female corrections officers as well as by inmates on nearby housing units who could see it from cell windows Plaintiff contends that the strip search of inmates in the open weight pit area was totally unecessary in that the strip searches could have been conducted in the field house building which would have given privacy and not exposed inmates to viewing by female officers and housing units nearby.Plaintiff avers that at the onset of these

Case 1:05-cv-00064-SJM-SPB    Document 18    Filed 09/02/2005    Page 2 of 4

searches Sgt. Schaeff who was on duty in the yard was intending to take inmates into the field house to search them but he was stopped from doing so by defendant Capt.Depasqua who gave Sgt.Schaeff a direct order to strip search the inmates in the open weight pit area.Plaintiff contends that the defendants made this decision to conduct strip searches without privacy without consulting management which is a violation of Dept.of Corrections policy.Furthermore,Defendant Brooks is quoted in an article in the Harrisburg Patriot-News,11-1-04 as saying it was "an error in judgment" to conduct the searches without privacy and without getting prior approval of the superintendent or her designee.Petitioner avers that there are sufficient grounds to state a cause of action under §1983. Plaintiff contends that in BELL V.WOLFISH,441 US 520(1979)The Supreme Court held that both the manner in which a search is conducted and the place where it is conducted are factors a Court must decide when considering the reasonableness of the search.An Inmate does retain some 4th amendment rights upon incarceration and not being viewed naked by female officers or staff is protected by the right to privacy.see,GRUMMETT V.RUSHEN,779 F2d 491,494(9th Cir.1985).Prisoners have some or atleast a diminished expectation of privacy in their bodies that society would accept as objectively reasonable.see,COVINO V.PATRISSI,967 F2d 73,78(2nd Cir.1992).

  4.Plaintiff contends that in regard to the service of the amended complaint of defendant's Harlow and Giddens,Plaintiff had a reasonable belief that given the fact that the Attorney General's office has entered their appearance on behalf of the other named defendants who like,defendants Harlow and Giddens are all employees of the dept. of corrections and as such plaintiff believed that they would also represent defendants Harlow and Giddens and for that reason Plaintiff served the attorney general on behalf of Harlow and Giddens as is indicated on the certificate of service filed with the amended complaint.Plaintiff contends that he did so in good faith and that given the fact that the Attorney general is responding for defendants Harlow and Giddens they were not prejudiced by the plaintiff's manner of service. Plaintiff avers that neither defendant Harlow or Giddens should be dismissed as defendants and are liable under §1983 because as a supervisor Giddens directly participated in this incident and both Harlow and Giddens were grossly negligent in managing the staff they were supposed to supervise.

    5.Plaintiff avers that he inadvertently misspelled defendant Depasqua's name solely because of the fact that plaintiff was given the incorrect spelling by a staff member.Plaintiff will correct this spelling in the caption if the Court and the defendant's so desire.Plaintiff contends that as a pro se litigant he is allowed some degree of flexibility in pleading his action.see,BOGUSLAVSKY V.KAPLAN.159 F3d 715 (2nd.Cir.1998) and as such should be given the opportunity to serve defendants Harlow and Giddens directly if the Court finds that service on the attorney general was not sufficient.

    6.Plaintiff avers that the defendants in their response to his grievance admitted their wrongdoing and as such these facts are not in dispute.Furthermore,the strip searches were unreasonable and violative of the 4th and 8th amendments sufficient to state a claim for which relief can be granted under §1983.

    WHEREFORE,Upon consideration of the foregoing,plaintiff prays this Court to deny defendant's motion to dismiss and grant Plaintiff's request to withdraw the Dept.of corrections as a defendant.

                                      Respectfully Submitted,

                                       *John Dunmire*

                                      John Dunmire/S/,Plaintiff

                                      August 31, 2005

CERTIFICATE OF SERVICE

I,John Dunmire do hereby certify that I have served a true and correct copy of the foregoing by placing same in the US Mail first class postage paid and addressed as follows:

Rodney M. Torbic,ESQ.
office of Attorney General
564 Forbes Ave.6th Fl.
Pittsburgh,Pa.15219


Respectfully Submitted,

John Dunmire

Dated: 8/31/05