IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

JOHN DUNMIRE

    V.                                      NO.05-64 ERIE

CAPT. DEPASQUAL,ET AL

PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

AND NOW,Comes the plaintiff,John Dunmire,pro se,who in response to the magistrate judge's report and recommendation for dismissal submits the following objections and moves this Court to deny defendant's motion to dismiss and in support thereof respectfully represents:

    1.Plaintiff avers that after filing his initial grievance he was unable to pursue the grievance process any further due to the defendant's failure to follow the procedures in place for responding to an inmate grievance whereby barring plaintiff from any further appeals,to wit,Plaintiff avers that on page 36 of the "SCI-ALBION INMATE HANDBOOK SUPPLEMENT" concerning the consolidated inmate grievance review system it states that "...An accepted grievance will initially be forwarded to a designated grievance officer,i.e.,Unit manager,Activities Manager,business manager,Major,etc.,along with an informal resolution worksheet.An individual interview will be provided with the staff member assigned to hear your grievance....If the grievance cannot be settled,the grievance coordinator will further review and respond accordingly." When the initial grievance was filed,plaintiff received the response via institutional mail and was never afforded an individual interview or afforded the chance to sign the grievance as resolved or unresolved as is apparent by the absence of plaintiff's signature on the grievance response.Plaintiff avers that by failing to follow the grievance procedures in place,the defendants effectively barred plaintiff from any further appeals of the grievance because as per the policy in place,plaintiff was not provided with an individual interview and the opportunity to have his grievance reviewed by the officer assigned to hear it.Plaintiff avers that the initial grievance process was never completed as a result of defendants failure to properly respond and as such defendants actions prohibited plaintiff from completing the grievance process.

2. Plaintiff avers that during his incarceration at SCI-Albion, he has filed numerous grievance and in every one except for the one at issue here, the defendants have assigned a grievance officer who interviewed plaintiff and reviewed the grievance with plaintiff at which time plaintiff was asked to sign the grievance as either resolved or unresolved. Plaintiff avers that this was not done with this particular grievance and plaintiff believes that this was intentional to preclude plaintiff from appealing the grievance and completing the grievance process simply because defendants had reason to believe that the strip search at issue may bring about the question of possible Constitutional liability should plaintiff choose to file a §1983 action. Plaintiff avers that defendants knew that if plaintiff could not complete the grievance appeal process he could not meet the requirements of the PLRA to pursue a §1983 action.

3. Plaintiff avers that the defendants action in responding to his grievance are contrary to those set forth on page 36 of the "SCI-ALBION INMATE HANDBOOK SUPPLEMENT" concerning the grievance process and that an inmate has the right to expect prison officials to follow it's policies and regulations. see, CALDWELL V. MILLER, 790 F2d 589 (7th Cir.1986) and PAYNE V. BLOCK, 714 F2d 1510 (11th Cir.1984). Furthermore, Plaintiff avers that the language contained on page 36 of the "SCI-ALBION INMATE HANDBOOK SUPPLEMENT" with regard to the grievance process has created a protected liberty interest in that the policy states that "...An individual interview WILL be provided with the staff member assigned to hear your grievance..." and when prison regulations contain language of mandatory nature (shall, will, must) they are interpreted as creating a protectable liberty interest. see, HALL V. LOMBARDI, 996 F2d 954 (8th Cir.1993). Plaintiff avers that page 36 clearly states the policy for responding to a grievance which defendants failed to follow thereby baring plaintiff from any further grievance appeals. Plaintiff avers that the language of page 36 does create a protected liberty interest with regard to plaintiff's grievance.

4. Plaintiff avers that he was prevented from completing the grievance process by defendants who failed to properly respond to his grievance and therefore plaintiff had no available administrative remedy. see, LYON V. VANDE KROL, 270 F3d 563 (8th Cir.2001). Plaintiff further avers that an inmates administrative remedies are deemed exhausted when prison officials fail to properly respond when a valid grievance has been filed. see, POWE V. ENNIS, 177 F3d 393, 394 (5th Cir.1999).

WHEREFORE, Plaintiff prays this Court to, upon consideration of the foregoing objections, deny the defendant's motion to dismiss this action.

Respectfully Submitted,

John Dunmire, Plaintiff
October 1, 2005

CERTIFICATE OF SERVICE

I,John Dunmire do hereby certify that I have served a true and correct copy of the foregoing by placing same in the US Mail,First lass postage paid and addressed as follows:

Rodney M. Torbic,ESQ.
Office of the Attorney General
564 Forbes Ave.
Pittsburgh,Pa.15219


Respectfully Submitted,

John Dunmire,CL-4931
10745 Rt. 18
Albion,Pa.16475-0002

Plaintiff

October 1, 2005