IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DUNMIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 05-64 Erie |
| | ) | |
| CAPT. DEPASQUAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

AND NOW, come the defendants, DiPasqua, Brooks, Harlow, and Giddens, by their attorney's, Thomas W. Corbett, Jr., Attorney General, Rodney M. Torbic, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, and hereby file the following answer to plaintiff's complaint:

**FIRST DEFENSE**

Defendants respond to plaintiff's factual allegations as follows:

1.   The averments contained in Sections I and II of plaintiff's amended complaint are admitted.

2.   Section III of plaintiff's amended complaint contains conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments in Section III of the amended complaint are denied.

3.   The averments in Section IV of the amended complaint are admitted in part and denied in part. It is admitted that plaintiff was subjected to a strip search in the weight room area of the east side recreation yard on September 14, 2004. It is denied that defendant DiPasqua issued a specific order for plaintiff to be searched. It is denied that plaintiff was strip searched in plain view of female officers. It is admitted that plaintiff was strip searched in plain view of

1

other inmates in the east side yard and inmates in housing unit "D". It is denied that plaintiff was strip searched in plain view of inmates in housing unit "C". It is admitted that the search was conducted without the authorization of Superintendent Brooks. It is denied that the search was conducted in a manner that was humiliating or degrading, or that it caused plaintiff psychological damage. It is denied that the order to search plaintiff originated from Deputy Superintendent Harlow. It is admitted that Major Giddens ordered Captain DiPasqua to have the inmates in the east yard searched for possessing a cellular telephone. The remaining averments in Section IV of the amended complaint are denied.

4. In response to the averments contained in Section V of the amended complaint, it is admitted that there is a grievance procedure at SCI-Albion for inmates. It is admitted that plaintiff submitted an initial grievance under this procedure. It is denied that plaintiff exhausted his administrative remedies.

5. Relief. It is denied that plaintiff is entitled to any relief whatsoever from the answering defendants.

## SECOND AFFIRMATIVE DEFENSE

1. Defendants were at all times acting within the scope of their employment.

## THIRD AFFIRMATIVE DEFENSE

2. At no time have the defendants, either individually or in concert with others, deprived or sought to deprive the plaintiff of any rights, privileges, or immunities secured to him by the Constitution or laws of the United States.

## FOURTH AFFIRMATIVE DEFENSE

3. Defendants were at all times acting in good faith and in an objectively reasonable manner and are, therefore, entitled to qualified good faith immunity from civil damages.

**FIFTH AFFIRMATIVE DEFENSE**

4.   To the extent plaintiff seeks relief from the defendants, in their official capacities, for claims in the nature of a constitutional violation, such relief is barred by the Eleventh Amendment.

**SIXTH AFFIRMATIVE DEFENSE**

5.   The defendants were at all times acting pursuant to a duty required or authorized by statute or regulation; and, therefore, said acts were within the discretion granted them by statute or statutorily authorized regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

6.   Plaintiff's claims are barred by the statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

7.   To the extent plaintiff asserts state claims, they are barred by the Pennsylvania Sovereign Immunity Act.

**NINTH AFFIRMATIVE DEFENSE**

8.   Any injuries received by the plaintiff were the direct result of his own actions and defendants cannot be liable therefore.

**TENTH AFFIRMATIVE DEFENSE**

9.   Defendants' actions did not violate any clearly established federal rights of plaintiff and, therefore, being public officials, defendants are entitled to qualified immunity from civil damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

10.   The complaint fails to state a claim against the defendants.

## TWELFTH AFFIRMATIVE DEFENSE

11. Plaintiff failed to exhaust his administrative remedies as is required by the Prison Litigation Reform Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

12. Defendants Harlow and Giddens were not served with a copy of the amended complaint or a summons.

WHEREFORE, defendants request judgment in their favor and against plaintiff.

                                      Respectfully submitted,

                                      THOMAS W. CORBETT, JR.
                                      Attorney General

                                      s/Rodney M. Torbic
                                      Rodney M. Torbic
Office of Attorney General                Senior Deputy Attorney General
6th Floor, Manor Complex                Attorney I.D. No. 66089
564 Forbes Avenue
Pittsburgh, PA 15219                        Susan J. Forney
                                      Chief Deputy Attorney General

Date: November 1, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2005, I electronically filed the foregoing *Defendants' Answer to Amended Complaint* with the Clerk of Court using the CM/ECF system. And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:

```
JOHN DUNMIRE, CL-4931
SCI Albion
10745 Route 18
Albion, PA 16475-0004
```

By:  /s/  Rodney M. Torbic
RODNEY M. TORBIC
Senior Deputy Attorney General

Office of Attorney General
564 Forbes Avenue
Manor Complex
Pittsburgh, PA 15219