IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DUNMIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 05-64 Erie |
| ) | |
| CAPT. DEPASQUAL, et al., ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

**I. STATEMENT OF THE CASE**

A.   Identity of the Parties and Nature of the Action.

Plaintiff John Dunmire is a prisoner currently incarcerated at the State Correctional Institution at Albion (SCI-Albion). He has filed a civil rights lawsuit under 42 U.S.C. §1983 alleging that he was strip searched in front of female corrections officers and other inmates in violation of his constitutional rights. The defendants are the following officials and officers from SCI-Albion: Captain DiPasqua, Superintendent Marilyn Brooks, Deputy Superintendent Michael Harlow, and Major Giddens. He seeks compensatory and punitive damages.

B.   Procedural History.

The defendants previously filed a motion to dismiss the amended complaint. The Magistrate Judge recommended granting the motion on the basis of Dunmire's failure to exhaust his administrative remedies prior to filing this lawsuit. The U.S. District Court Judge, however, found that a material issue of fact existed on the question of exhaustion and declined to adopt the Magistrate's recommendation.

The defendants have filed an answer to the amended complaint, and have also filed a motion for judgment on the pleadings. Their motion raises arguments that were previously raised in their motion to dismiss but were not addressed by the Court's earlier rulings. This brief is filed in support of the motion. As explained in greater detail below, Dunmire's amended complaint lacks merit and should be dismissed. At the very least, some defendants should be dismissed from this matter.

      C.     Facts Alleged in Amended Complaint.

Plaintiff John Dunmire is a prisoner at SCI-Albion. See Amended Complaint Section I. On September 14, 2004, Dunmire was ordered by Captain DiPasqua to be stripped searched in the East side recreational yard where inmates lift weights. See Amended Complaint Section IV, C. Dunmire alleges that the strip search occurred in plain view of female corrections officers and other inmates. Id. The order for the search originated from Deputy Superintendent Harlow, and was carried through Major Giddens to Captain DiPasqua. Id. Dunmire contends that the order was not authorized by Superintendent Brooks. Id.

Later that day, Dunmire completed and filed a grievance in accordance with the procedures made available to inmates under Administrative Directive 804. See Barr Verification attached to defendants motion to dismiss. The grievance, No. 95849, addressed the search and was received by William Barr, the Superintendent's Assistant, on September 15, 2004. Id. Barr responded to the grievance, and Dunmire pursued the matter no further. See Barr Verification ¶7.

## II. ARGUMENT

      **A.**     **Brooks, Harlow, and Giddens should be dismissed from this case since they were not named in Dunmire's grievance.**

Even though the Court found that Dunmire's earlier objections raised questions of fact pertaining to the issue of exhaustion of administrative remedies, Brooks, Giddens, and Harlow

2

should be dismissed from this case since there is no dispute that they were not named in the grievance. In Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir.2004), the Third Circuit held that a Pennsylvania inmate's failure to properly identify a defendant in a grievance constituted a failure to exhaust his administrative remedies under the Prison Litigation Reform Act as to that defendant. Dunmire did not name Brooks, Harlow, or Giddens in Grievance No. 95849. Thus, he has procedurally defaulted on his claim against these individuals by failing to identify them in the grievance. See Spruill, 372 F.3d at 234.

      **B.**  **Dunmire's complaint fails to state a constitutional claim.**

Dunmire contends that strip searching him in front of others violated his constitutional rights. Several courts have held that isolated incidents of strip searches, even when they occur in front of others and cause embarrassment, do not state a constitutional claim. See Payton v. Vaughn, 798 F.Supp. 258, 262 (E.D.Pa.1992)(experiencing embarrassment through strip search does not offend Constitution)(*citing* Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir.1988); Vargas v. House of Corrections, 1989 WL 79337, *1 (E.D.Pa.1989)(isolated incident of female prisoner being ordered to disrobe in front of male officers does not rise to level of constitutional violation)(*citing* Johnson v. Bureau of Corrections, 661 F.Supp. 425 (W.D.Pa.1987). In this case, Dunmire was not subjected to an abusive search or one that caused him physical harm. Even though it may have been an embarrassing situation, it was simply an isolated incident that does not offend the Constitution. Additionally, Dunmire is not entitled to recover damages for alleged mental or emotional injury since he did not suffer a physical injury during the search. See 42 U.S.C.A. § 1997e(e). Thus, his amended complaint challenging this event should be dismissed.

  **C.**  **Dunmire cannot maintain a cause of action against Superintendent Brooks since she was not involved in the search.**

Dunmire acknowledges in his amended complaint that the search was conducted without the authorization of Superintendent Brooks. See Amended Complaint Section IV. C. Thus, Dunmire clearly is seeking to hold Brooks liable on the basis of the supervisory position that she held. Section 1983 liability, however, cannot be predicated on *respondeat superior*. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir.1976). Without evidence of her involvement in the search, this suit cannot be maintained against Brooks. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Nor can Dunmire assert that Brooks is culpable because she did not have the proper practices or policies in place which would have prevented this type of incident from occurring. See Stoneking v. Bradford Area School District, 882 F.2d 720, 731 (3d Cir. 1989)(claims must amount to more than inaction or insensitivity). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 111 S.Ct. 2827 (1991). To impose liability on a supervisory official there must be "both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate." Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1989). Since Dunmire alleges that Brooks did not authorize the search, he cannot meet this burden here. Thus, the amended complaint against Brooks should be dismissed.

### D.  Defendants Harlow and Giddens were not served with a copy of the Amended Complaint.

Dunmire added Harlow and Giddens as new defendants in his amended complaint. The new defendants, however, were not served with a copy of the amended complaint, or a notice of the lawsuit and request for waiver. Dunmire's response to this argument, when raised by defendants in their motion to dismiss, was that he served undersigned counsel with a copy of the amended complaint. Undersigned counsel, however, does not have authority to accept service of process on behalf of Harlow and Giddens. Thus, the amended complaint should be dismissed under Fed.R.Civ.P. 12(b)(5) for insufficiency of service of process. See U.S. v. $184, 505.01, 72 F.3d 1160, 1164, n.10 (3d Cir.1995), *cert. denied*, McGlory v. U.S., 519 U.S. 807, 117 S.Ct. 48 (1996)(validity of service of process upon the attorney depends upon the actual authority of the attorney to receive process on behalf of the individual).

### III. CONCLUSION

For the reasons stated above, the defendants' motion for judgment on the pleadings should be granted.

                                         Respectfully submitted,

                                         THOMAS W. CORBETT, JR.
                                         Attorney General

                                         s/Rodney M. Torbic
                                         Rodney M. Torbic

Office of Attorney General              Senior Deputy Attorney General
6th Floor, Manor Complex              Attorney I.D. No. 66089
564 Forbes Avenue
Pittsburgh, PA 15219                      Susan J. Forney
                                                    Chief Deputy Attorney General

Date: November 1, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2005, I electronically filed the foregoing *Defendants' Brief in Support of Motion for Judgment on the Pleadings* with the Clerk of Court using the CM/ECF system. And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:

**JOHN DUNMIRE,** CL-4931
SCI Albion
10745 Route 18
Albion, PA 16475-0004

                                            By:    /s/ Rodney M. Torbic
                                                          RODNEY M. TORBIC
                                                          Senior Deputy Attorney General

Office of Attorney General
564 Forbes Avenue
Manor Complex
Pittsburgh, PA 15219