In The United States District Court
Western District of Pennsylvania

John Dunmire
    v.　　　　　　　　　　　　　　　　No. 05-64 ERIE
Capt. DePasqual, et al

Plaintiff's Response to Defendant's
Motion For Judgment And Answer to Amended Complaint

AND NOW, Comes the Plaintiff, John Dunmire, Pro se, who, in response to defendant's Motion for Judgment and Answer to Amended Complaint respectfully submits the following:

1. Plaintiff Avers that Motions to Dismiss for Failure to State a claim is viewed with disfavor and rarely granted. See, Leleux v. US, 178 F.3d 750 (5th Cir. 1999) and Lowrey v. Texas A&M University System, 117 F.3d 242 (5th Cir. 1997).

2. Plaintiff Avers that generally, district court errs in dismissing Pro se complaint for failure to state a claim without giving Plaintiff opportunity to amend. See, Bazrowx v. Scott, 136 F.3d 1053 (5th Cir. 1998).

3. Plaintiff Avers that the trial court ordinarily should permit litigant, especially Pro se litigant, opportunity to Amend Complaint before dismissing

Complaint for Failure to State a Claim. See, Ingram v. Becher, 3 F.3d 1050 (7th Cir. 1993).

4. Plaintiff Avers that defendant's claim that he Failed to exhaust Administrative Remedies has been Previously ruled upon by this Court's order of October 21, 2005 And Therefore is Barred by Collateral Estoppel. Defendant's claim that Plaintiff Failed to name Giddens and Harlow in his grievance, while Correct is not Sufficient to warrant dismissal. Plaintiff Avers that he Filed the grievance the day the Search took Place and did not know at that time About the involvement of Harlow and Giddens. Plaintiff Avers that upon learning of their involvement he sought leave to Amend the complaint. Plaintiff Avers that the inclusion or omission of Harlow and Giddens From the grievance would not have had any substantial effect on the grievance filed.

5. Plaintiff Avers that defendant's claim that defendants Harlow and Giddens were not served with the Amended Complaint is Patently False in that, on August 2nd 2005, This Court did order that "Plaintiff shall serve a copy of the Amended Complaint upon each of the original defendants, or their legal Counsel within 20 days..." The Court did not instruct Plaintiff on the manner in which to serve new defendants and as such Plaintiff did in good Faith serve both Harlow and Giddens through Rodney M. Torbic, ESQ. who is Counsel For all Defendants including Harlow and Giddens as evidenced in Counsel's Pleadings filed on Nov. 1, 2005, which indicates Torbic does, in fact, represent Harlow and Giddens. Plaintiff therefore Avers that given the Fact that Atty. Torbic is representing Harlow and Giddens he (Torbic), contrary to his claim, was

Authorized to Accept Service for Harlow and Giddens and Therefore They Should not be dismissed as defendants in this action. Plaintiff Avers that Harlow and Giddens were not Prejudiced in any way by Service on their Counsel and that Service on Counsel was done in Good Faith and the only manner of Service available to Plaintiff. Plaintiff Avers that he Should be allowed Some degree of flexibility in Pleading this action Pro Se. see, Boguslavsky V. Kaplan, 159 F.3d 715 (2nd Cir. 1998). See: Fed. R.Civ.Pro 5(a)(i).

6. Plaintiff Avers that Contrary to Defendant's First defense that defendant DiPasqua did not issue an order for Plaintiff to be Searched. Plaintiff will Produce at Trial a witness, a Corrections Sgt. who was Present in the Yard and will testify that defendant DiPasqua did in fact issue the order to Search Plaintiff and all other inmates Present in the Yard. Furthermore, Plaintiff Avers that Contrary to Defendant's Claim in their first defense, A Female office, C.O. DeHaven was Present in the Yard and Stationed in a Position where she had a Plain and Unobstructed view of Plaintiff and all other inmates being Stripped naked and Searched.

7. Plaintiff Avers that Contrary to Defendant's Fifth Defense, He seeks relief from Defendants

in their individual Capacities And State officials are held subject to Personal liability for damages under Section 1983 based on official acts, where the 1983 Action is brought against officials in their individual Capacities as is the case herein. See, Hafer v. Melo, 502 US 21, 116 LEd2d 301, 112 SCt 358 (1991).

Plaintiff further Avers that the Supreme Court has held that a Prison Guard may be held liable for "Punitive" Damages. See, Smith v. Wade, 461 US 30, 75 LEd2d 632, 103 SCt. 1625 (1983).

8. Plaintiff Avers that the Defendants, Contrary to their Fourth defense were not acting in good Faith and that the Supreme Court has held that Prison officials are not immune from liabilities for official acts when motivated by malicious intent to deprive Prisoners of Constitutional rights. See, Procunier v. Navarette, 434 US 555, 55 LEd2d 24, 98 Sct. 855 (1978).

9. Plaintiff Avers that Contrary to Defendant's Fifth Defense the eleventh Amendment does not Protect State officials from Claims for Prospective relief when it is Alleged that State officials acted in violation of Federal law. See, Warnock v. Pecos County, Tex., 88 F.3d 341 (5th Cir. 1996) Furthermore, The Eleventh Amendment does not immunize State officials for actions taken

in their individual capacities. see, Sullivan v. Barnett, 139 F 3d 158 (3rd Cir. 1998) and Scheuer v. Rhodes, 416 US 232, 237-38, 40 LEd2d 90, 94 Sct. 1683, 1686-87 (1974).

10. Plaintiff Avers that contrary to Defendant's Sixth Defense, the Acts of the Defendants with regard to the Strip Search in Question were not within the discretion granted them by statute or statutorily authorized regulations in that Plaintiff does retain some 4th Amendment rights upon incarceration and not being viewed naked by members of the opposite sex is protected by the right to Privacy. see, Grummet v. Rushen, 779 F.2d 491, 494 (9th Cir. 1985). Plaintiff Avers that no statute or regulation grants the defendants the discretion to violate Plaintiff's 4th Amendment Rights And the Supreme Court has held that the Court has the right to determine whether an inmate is being deprived of a protected liberty interest granted him by statute. see, Meachum v. Fano, 427 US 215, 49 LEd2d 451, 96 Sct. 2532 (1976). Plaintiff Avers that an inmate can claim a due process violation if he can show deprivation of a protected liberty interest such as those actions that impose an atypical and significant hardship in relation to the ordinary incidents of prison life as is the case with the Strip Search in Question. See, Sandin v. Conner

515 US 472, 484, 132 LEd2d 418, 115 SCt. 2293 (1995). Petitioner Avers that Prison officials must "Put Forward" legitmate governmental interest to Justify regulation impinging on constitutional rights to inmates and must Provide evidence that interest Proffered is reason why regulation is adopted or enforced. See, Griffin v. Lombardi, 946 F.2d 604 (8th Cir. 1991) and Turner v. Safley, 482 US 78, 96 LEd2d 64, 107 SCt. 2254 (1987)

11. Plaintiff Avers that Contrary to Defendant's Seventh Defense this Complaint is not barred by the Statute of limitations, To wit, The incident Complained of took Place on Sept. 14, 2004, The Complaint was Filed on February 23, 2005 well within the 2 Year Period in which to File an action under Section 1983.

12. Plaintiff Avers that Contrary to Defendant's Eighth defense the Claims raised in the Complaint are not barred by the Pennsylvania Sovereign Immunity Act And that while the Defendant's may Claim that in Collins v. Bopson, E.D. Pa. 1993, 816 F. Supp. 335, The Court held that under Pennsylvania Law, Corrections officers are Statutorily immune from Suit regarding State law Claims. Plaintiff Avers that District Court decisions have no weight or authority. See,

Anderson v. Romero, 72 F.3d 518 (7th Cir. 1995), And that Prison officials could be Personally liable in civil rights action for actions taken in course of their office. See, Hill v. Marshall, 962 F.2d. 1209 (6th Cir. 1992) and Smith v. Wade, 461 US 30, 75 LEd2d 632, 103 Sct. 1625 (1983).

In Addition, Plaintiff Avers that even if this Court Should find that the Pennsylvania Sovereign Immunity Act is Applicable, Defendants are not immune Per this Act To wit, Under 42 Pa. C.S.A. Section 8522 "Exceptions to Sovereign Immunity", Plaintiff Avers that under Subsection (b)(3) "Care, Custody or Control of Personal Property" Plaintiff's bodily Person is "Personal Property" in the care, custody or control of the Pa. Dept. of Corrections and as an inmate in their custody the defendants who are employees of the Commonwealth in Custody and Control of Plaintiff's Person are not Protected by the defense of Sovereign Immunity.

13. Plaintiff Avers that defendant's ninth defense is wholly without merit.

14. Plaintiff Avers that contrary to Defendant's Tenth Defense, Defendant's Actions Clearly Violate Plaintiff's Rights to Due Process as well as his rights under the 4th and 8th Amendments

And as such, Defendants are not entitled to Qualified immunity. A Public official who Performs an act clearly established to be beyond the scope of his discretionary authority is not entitled to Qualified immunity. see, In Re Allen, 106 F.3d 582 (4th Cir. 1997). Plaintiff Avers that it is clear from Defendant's response to his grievance that the strip search performed was an act clearly beyond the scope of the individual defendant's discretionary authority. Plaintiff Avers that defendant's actions were that of individuals who are plainly incompetent and knowing violations of Plaintiff's Constitutional rights and as such they are not entitled to a defense of Qualified immunity. see, King v. Beavers, 148 F.3d 1031 (8th Cir. 1998), Weyant v. Okst, 101 F.3d 845 (2nd Cir. 1996), Bagby v. Brondhauer, 98 F.3d 1096 (8th Cir. 1996) and Richardson v. McKnight, 521 US ___, 138 LEd2d 540, 117 Sct ___, (1997).

15. Plaintiff Avers that Defendant Brooks should not be dismissed as a defendant in that, Defendants Admit that the search was conducted without Brooks' authorization and Plaintiff is not seeking to hold Brooks liable on the basis of her supervisory position But rather, Plaintiff Avers that defendant Brooks Failed

to adequately train her subordinates in the event such a situation should take place in her absence. Plaintiff Avers that the inadequate training of her subordinates is the basis for a 1983 action against Brooks. See, Mandonado-Denis v. Castillo-Rodriguez, 23 F.3d 576 (1st Cir. 1994). Plaintiff Avers that in Greason v. Kemp, 89 F.2d 829, (11th Cir. 1990) the Court held that the Warden is responsible for ensuring that all services... were properly provided and in Radick v. Hardimann, 588 F. Supp. 932 (ND Ill 1984) The Court held that an official responsible for a single institution such as defendant Brooks is held to a stricter standard of liability based on knowledge of jail conditions. When considering the totality of the events surrounding the strip search Defendant Brooks should not be dismissed for her failure to ensure that the proper procedures were in place to handle these situations in her absence and for her failure to adequately train her subordinates.

16. Plaintiff Avers that contrary to Defendant's eleventh defense, he has stated a claim against defendants to wit, in Bell v. Wolfish, 441 US, 520 (1979), The Supreme Court held that both the manner in which the search is conducted and the place where it is conducted are factors a Court must decide when

considering the reasonableness of the search. An inmate does retain some 4th Amendment rights upon incarceration and not being viewed naked by members of the opposite sex is protected by the right to privacy. See, Grummet v. Rushen, 779 F.2d 491, 494 (9th Cir. 1985). Prisoners have some, or at least a diminished expectation of privacy in their bodies that society would expect as objectively reasonable. See Covino v. Patrissi, 967 F.2d 73, 78 (2nd Cir. 1992). Plaintiff Avers that the strip search was unreasonable and violative of his rights to due process and the 4th and 8th Amendments.

Plaintiff Avers that the 8th Amendment protects inmates from disproportionate and cruel conditions of confinement. See, Bazzetta v. McGinnis, 286 F.3d 311 (6th Cir. 2001). The liability for cruel and unusual punishment of prisoners is not limited to that subset of cases where malice is present. See, Blyden v. Mancusti, 186 F.3d 252 (2nd. Cir. 1999), and that the deliberate indifference standard is applicable to a prisoner's claim that conditions of confinement constituted cruel and unusual punishment in violation of the 8th Amendment. See, Adames v. Perez, 331 F.3d 508, (5th Cir. 2003) and Gregoire v. Class, 236 F.3d 413 (8th Cir. 2000). Plaintiff Avers

that the Search at issue here is cruel and unusual Punishment violative of the 8th Amendment See, Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) and that the Scope of 8th Amendment Protection is broader than the mere infliction of Physical Pain. See, Scher v. Engelke, 943 F.2d 921 (8th Cir. 1991) The 8th Amendment Prohibits Acts which Are incompatible with evolving standards of decency. See, Griffin v. Vaughn, 112 F.3d 703 (3rd. Cir. 1997) and Oliver v. Deen, 77 F.3d. 156 (7th Cir. 1996).

Plaintiff Avers that an inmate has a Constitutional right to be secure in bodily integrity. See, Hovater v. Robinson, 1 F.3d 1063, (10th Cir. 1993). Plaintiff Avers that a Prisoner is not Stripped of his Constitutional rights at the Prison gate, but, rather he retains all rights of an ordinary Citizen except those expressly, or by necessary implication taken from him by the law. See, Bell v. Wolfish, Supra., Brown v. Nix, 33 F.3d. 951 (8th Cir. 1994) and Procunier v. Martinez, 416 US 396, 40 LEd2d 224, 94 Sct. 1800 (1974). Plaintiff Avers that Section 1983 does not require Any intent to violate constitutional rights. See, Hudson v. New York City, 271 F.3d 62 (2nd. Cir. 2001) and that mental and emotional distress are compensable under section 1983 even in the absence of Physical injury. See, Daskalea v. District of

Columbia, 227 F.3d 433 (D.C. Cir. 2000). Plaintiff can seek damages for pain, suffering, embarrassment and humiliation in action brought under Section 1983. See, Shamaeizadeh V. Cunnigan, 338 F.3d 535 (6th Cir. 2003).

Plaintiff Avers that he has stated a sufficient claim against defendants for which relief can be granted.

WHEREFORE, upon consideration of the foregoing, Plaintiff prays this Court to deny and dismiss defendant's motion for Judgment on Pleadings.

Respectfully Submitted,

*[signature]*

John Dunmire, Plaintiff
Nov. 9th 2005

# CERTIFICATE OF SERVICE

I, John Dunmire, do hereby certify that I have served a true and correct copy of the foregoing on the below listed counsel for defendants by placing same in the U.S. Mail, First Class postage paid, addressed as follows:

Rodney Torbic, ESQ
Office of the Attorney General
564 Forbes Ave
Pittsburgh, PA 15219

Respectfully submitted

*[signature]*

John Dunmire, CA4931
10745 Rt 18
Albion PA 16475-0002

11/7/05