In The United States District Court
Western District of Pennsylvania

'06 MAR -7 A9:49
FILED
CLERK
U.S. DISTRICT COURT

John Dunmire

v.                                                    C.A. No. 05-64 Erie

Capt. DePasqual, et al.


Plaintiff's objections to Report And Recommendation

AND NOW, Comes the Plaintiff, John Dunmire And Submits the Following objections to the Magistrate Judge's Report And Recommendation of February 7, 2006:

1. Plaintiff Avers This Court has previously considered A similar report and recommendation of the Magistrate Judge (Doc. 20) And the Plaintiff's objections thereto (Doc. 21) And upon consideration denied the Motion to dismiss And declined to Adopt the report And recommendation (Doc. 20).

2. Plaintiff Avers that Since declining to Adopt the Previous Report And Recommendation (Doc. 20) The facts of this case have not changed to warrant the Adoption of the Second Report And Recommendation. The Plaintiff was not Able to Exhaust the grievance Procedure As Previously Stated because he was Prohibited from further Appealing the initial grievance by

The Defendants who failed to follow their own established grievance procedure effectively barring Plaintiff from any further appeal or completion of the grievance process. Plaintiff avers that he was never afforded an initial review or interview nor was he afforded an opportunity to indicated whether or not he considered the grievance resolved or unresolved. As such, by not affording Plaintiff the initial grievance review as perscribed by D.O.C. Policy DC-ADM 804 VI (B) (4) the defendants effectively blocked Plaintiff from any further appeal. Plaintiff avers that an inmate has the right to expect prison officials to follow it's policies and regulations. See, CALDWELL v. MILLER, 790 F 2d, 589 (7th Cir. 1986) And PAYNE v. BLOCK, 714 F 2d, 1510, (11th Cir. 1984).

3. Plaintiff avers that in the Report and Recommendation the magistrate judge has incorrectly presumed that if given the opportunity to further appeal, Plaintiff would not have done so because he considered the issue "resolved". Plaintiff avers that the magistrate judge's presumption is in error, in that Plaintiff would have appealed if given an initial grievance review as required but not afforded to him; An initial review would have shown Plaintiff that the issues he was raising were not resolved and thus necessitated further appeal. Plaintiff avers

The he initially believed that the defendant's Admissions in the grievance response together with the fact that he was never afforded an initial grievance review amounted to the defendant's assuming liability and acknowledging their wrongdoing However, Plaintiff learned some time later that the defendants still were required to complete the grievance process including an initial grievance review which was never conducted. Plaintiff avers that this was knowing and intentional on the part of defendants to effectively block Plaintiff and others from completing the grievance process to preclude the filing of a civil rights action.

4. Plaintiff avers that the defendants knowingly and intentionally barred Plaintiff from exhausting the grievance process by failing to provide an initial review and no deference should be afforded to the defendants. See, FLAGNER V. WILKINSON, 241 F3d 475 (6th Cir. 2001).

WHEREFORE, Plaintiff prays this Court to decline to adopt the report and recommendation of 2-7-06.

Respectfully Submitted,
S/ John Dunmire, Plaintiff
2-28-06

Certificate of Service

I, John Dunmire, do hereby certify that I have served a true and correct copy of the foregoing by placing same in the US mail, 1st Class Postage Paid, Addressed As follows:

    Mary Lynch Friedline, ESQ.
    Office of Atty. General
    564 Forbes Ave, 6th fl.
    Pittsburgh, PA. 15219

    Respectfully Submitted,
    S/ John Dunmire, CL-4931
       10745 Rt. 18
       Albion, PA.
          16475-0002

       March 1, 2006