IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DUNMIRE,           )<br>            Plaintiff           ) <br>                                    )<br>v.                                 )<br>                                    )<br>CAPT. DEPASQUAL, et al., )<br>            Defendants.      ) | C.A. No. 05-64 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

### MEMORANDUM ORDER

Plaintiff's complaint was received by the Clerk of Courts on February 23, 2005, and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.  Plaintiff subsequently filed an Amended Complaint on August 8, 2005, in which he claimed that Defendants violated his Fourth, Eighth, and Fourteenth Amendment rights when he was forced to submit to a strip search in SCI-Albion's recreation yard weight pit "in plain view of female corrections officers as well [as] all inmates in the east yard ... and inmates looking out their windows on housing units D and C." (Document # 14, Amended Complaint, Sections III and IV.C).

On August 26, 2005, Defendants filed a motion to dismiss the Amended Complaint. [Document # 15].  On September 23, 2005, Magistrate Judge Baxter issued a Report and Recommendation recommending that Defendants' motion to dismiss be granted, based upon Plaintiff's failure to exhaust his administrative remedies. [Document # 20].  The parties were allowed ten (10) days from the date of service of the report and recommendation to file objections.  Objections were filed by Plaintiff on October 4, 2005, in which he argued for the first time that "he was prevented from completing the grievance process by defendants who failed to properly respond to his grievance and therefore plaintiff had no available administrative remedy." (Document # 21 at ¶ 4).  In consideration of this argument, this Court issued an Order declining to adopt the September 23, 2005 Report and Recommendation, finding a genuine issue of fact as to whether "the state prison officials failed to comply with SCI-Albion's own grievance procedures."

On November 1, 2005, Plaintiff filed a motion for summary judgment [Document # 24] claiming that he was entitled to judgment in his favor based upon Defendants' admission in their initial response to his grievance that the strip search at issue did, in fact, occur and that it was a "mistake." [Document # 24].  On the same date, Defendants filed an Answer to Plaintiff's Amended Complaint asserting several defenses to Plaintiff's claims, including Plaintiff's failure to exhaust his administrative remedies. [Document # 26].  In conjunction with their Answer, Defendants also filed a motion for judgment on the pleadings seeking entry of judgment in their favor. [Document # 27].

On February 13, 2006, Magistrate Judge Baxter issued a second Report and Recommendation recommending that Plaintiff's motion for summary judgment be denied and Defendants' motion for judgment on the pleadings be granted and this case dismissed, based upon Plaintiff's failure to exhaust his administrative remedies. [Document # 33].  Plaintiff has again filed timely objections to the Report and Recommendation, reiterating his claim that he was not able to exhaust his administrative remedies because "he was never afforded an initial review or interview nor was he afforded an opportunity to indicated [sic] whether or not he considered the grievance resolved or unresolved." (Document # 37 at p. 2).  As a result, Plaintiff argues that Defendants "effectively blocked Plaintiff from any further appeal." (Id.).

After *de novo* review of the pleadings and documents in the case, together with the report and recommendation and objections thereto, this Court agrees that the crux of Plaintiff's claim is that he was allegedly strip searched "in full view of female officers and other inmates." (Document # 14, Amended Complaint, at Section IV.C).  However, Plaintiff's grievance made no mention of being strip searched in front of female officers.  Thus, the Magistrate Judge correctly found that "Plaintiff has not even taken the first step in the administrative process with regard to his claim that he was strip searched in full view of female corrections officers." (Document # 33, Report and Recommendation, at p. 9).

Moreover, this Court agrees with the Magistrate Judge's finding that Defendants' alleged failure to provide Plaintiff with an initial interview or an opportunity to sign his grievance as resolved or unresolved, if true, did not preclude him from appealing his grievance to the next level pursuant to DC-ADM 804 VI(C)(1)(b).  The Court also notes that Plaintiff states that

2

"although he was not given an individual interview or the opportunity to sign the grievance as resolved or unresolved, Plaintiff considered the grievance to be resolved ... since plaintiff believed that it was at the time resolved he would not have filed a further appeal even if the defendants had properly responded to the grievance, interviewed plaintiff and given him the opportunity to sign the grievance as resolved." (Document # 21, Plaintiff's Addendum in Support of Objections, at ¶ 2). Thus, Plaintiff is essentially arguing that it would have been futile for him to have appealed a grievance that he considered to be resolved. However, as the Magistrate Judge correctly observed, the Third Circuit does not recognize futility as an exception to the PLRA's exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000); see also Lyon v. Krol, 305 F.3d 806, 809 (8th Cir. 2002)("It does not matter ... that [plaintiff] may have subjectively believed that there was no point in his pursuing administrative remedies ...

§ 1997e(a) does not permit the court to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative procedures are 'available'").

Based on the foregoing, the following order is entered:

AND NOW, this  25th   day of April, 2006;

IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter dated February 13, 2006 [Document #33] be adopted as the opinion of this Court. Accordingly, Plaintiff's motion for summary judgment [Document # 24] is denied, while Defendants' motion for judgment on the pleadings [Document # 27) is granted and this case is dismissed. The Clerk of Courts is directed to close this case.

      S/Sean J. McLaughlin  
      SEAN J. MCLAUGHLIN  
      United States District Judge

cc:    The Honorable Susan Paradise Baxter  
       United States Magistrate Judge